# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES H. WESTBROOK,

    Plaintiff,

v.

GES EXPOSITION SERVICES, INC., *et al.*,

    Defendants.

Case No. 2:05-CV-00532-KJD-GWF

**ORDER**

    Presently before the Court is Defendants Dyess, Hanson, and Sextons' Motion for Summary Judgment (#107). Also before the Court is Defendants GES Exposition Services and Dennis Buyers' Motion for Summary Judgment (#109). Despite granting *pro se* Plaintiff generous extensions of time to file an opposition to Defendants' motions for summary judgment, Plaintiff has failed to file a response in opposition detailing the genuine issues of material fact that prevent the Court from granting summary judgment. On November 27, 2006, the Court granted Plaintiff's last request for a motion to extend time to file the opposition. Despite Plaintiff's failure to file a timely opposition, the Court delayed consideration of the motions for summary judgment due to Plaintiff's *pro se* status. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995)(courts should liberally construe *pro se* litigants' pleadings, but such litigants are not relieved of the obligation to follow procedural rules). Twenty days have elapsed since Plaintiff's opposition was due with no response from Plaintiff. On

December 6, 2006, Defendants requested (#123) that the Court grant Defendants' motions in accordance with Local Rule 7-2(d) and served notice of the request on Plaintiff by mail. Despite the patience of the Court, Plaintiff has still failed to oppose Defendants' motions for summary judgment.

## II. Analysis

In accordance with Local Rule 7-2(d) and good cause being found the Court grants Defendants' motions for summary judgment. Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). The evidence, as well as all justifiable inferences drawn from it, must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex, 477 U.S. at 322.

### A. Defendants Dyess, Hanson, Sexton and Buyer's Individual Liability Under the Fair Labor Standards Act ("FLSA") and the Nevada Wage Statutes

As individuals, Dyess, Hanson , Sexton and Buyer cannot be liable for these claims because they do not meet the definition of "employer" under the federal or state schemes. See 29 U.S.C. § 203(d), 215(3); Nev. Rev. Stat. § 608.011, 613.310(2), 613.330(1), and 613.340(a). Taking into account "the economic reality" of the circumstances of this case, none of the individual Defendants "control the purse strings" that supported Plaintiff's job. Bonnette v. Cal. Health and Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983). Therefore these claims must be dismissed.

1    Additionally, the FLSA and Nevada Wage claims must be dismissed because Plaintiff was
2 exempt from FLSA overtime requirements.  See 29 U.S.C. § 213 (a)(1).  Defendants have
3 demonstrated and Plaintiff has not controverted that Plaintiff meets all of the requirements of an
4 exempt administrative employee.  See 29 C.F.R. § 541.200.
5    Finally, Plaintiff has alleged that Defendants are liable under Nev. Rev. Stat. § 608.040 for
6 failing to pay wages or compensation of a discharged employee within three days after they become
7 due.  However, Plaintiff has not adduced any evidence demonstrating Defendants' liability under this
8 statute.  Furthermore, to the extent that Plaintiff alleges that these Defendants are liable for daily
9 overtime under Nev. Rev. Stat. § 608.018, the Court finds this contention without merit.  Therefore,
10 the Court must dismiss all of Plaintiff's FLSA and Nevada Wage statute claims.

11    B.  Age Discrimination Claim
12    The analysis for an age discrimination claim under the Age Discrimination in Employment
13 Act ("ADEA") is the same as under Title VII.  See Coleman v. Quaker Oats Co., 232 F.3d 1271,
14 1295 (9th Cir. 2000).  Plaintiff must show that "similarly situated individuals outside his protected
15 class were treated more favorably, or other circumstances surrounding the adverse employment
16 action give rise to an inference of discrimination."  Peterson v. Hewlett-Packard Co., 358 F.3d 599,
17 603 (9th Cir. 2004).  The record is devoid of any indication that a similarly situated individual was
18 treated more favorably than Plaintiff.  Furthermore, there is no evidence demonstrating that
19 Defendant GES' legitimate non-discriminatory reasons for Plaintiff's termination are a pretext for
20 actual discrmination.  Therefore, the Court must grant Defendant GES' motion for summary
21 judgment on this claim.

22    C.  Plaintiff's Retaliation Claim
23    To establish a *prima facie* case for retaliation, Plaintiff must show that (1) he engaged in a
24 protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal
25 link exists between the protected activity and the adverse action.  See Porter, 419 at 894.  When a
26 plaintiff has asserted a *prima facie* retaliation claim, the burden shifts to the defendant to articulate a

legitimate non-discriminatory reason for its decision. See id. If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive. See id. The Court finds that Plaintiff has failed to establish a *prima facie* case, because Plaintiff has not demonstrated a nexus between the protected activity and his termination. Defendant has demonstrated that Buyer had no knowledge of Plaintiff's protected activity, and Plaintiff has failed to introduce any evidence to controvert this fact. Furthermore, Plaintiff has not adduced any evidence to show that Defendant's legitimate non-discriminatory reason for terminating him was pretextual. Therefore, the Court dismisses Plaintiff's retaliation claim with prejudice.

### D. Plaintiff's State Law Claims

Plaintiff also raises state law claims. A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law. See 28 U.S.C. § 1367(c). Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants Dyess, Hanson, and Sexton's Motion for Summary Judgment (#107) is **GRANTED**;

IT IS FURTHER ORDERED that Defendants GES Exposition Services and Dennis Buyers' Motion for Summary Judgment (#109) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against **PLAINTIFF**.

DATED this 18th day of December 2006.

Kent J. Dawson
United States District Judge