# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES WESTBROOK,

    Plaintiff,

v.

GES EXPOSITION SERVICES, INC., *et al.*,

    Defendants.

Case No. 2:05-CV-00532-KJD-GWF

**ORDER**

    Presently before the Court is Defendants' Request for Entry of Summary Judgment (#123/126). Plaintiff filed a response in opposition (#127) to which Defendants replied (#129). Plaintiff also filed a Sur-reply (#130/131) which he titled <u>Errata – Documents in Support of Plaintiff's Response</u>. Also before the Court is Plaintiff's Motion for Reconsideration (#133). Defendants filed a response in opposition (#135) to which Plaintiff replied (#138). Finally before the Court is Plaintiff's Renewed Objections to the Bill of Costs (#136). Defendants filed a response (#137) to the objections.

I.  Background

    Defendants filed motions for summary judgment (#107/109) on August 28, 2006. Plaintiff's response was due September 15, 2006. Plaintiff and Defendants stipulated to an extension of the

response time making Plaintiff's response due October 15, 2006.  On October 18, 2006, Plaintiff filed a motion to again extend the time to respond to the motions for summary judgment an additional thirty days.  On November 7, 2006, after allowing time for Defendants to respond, the Court granted Plaintiff's request for an extension of time requiring his opposition to be filed no later than November 15, 2006.  On November 15, 2006, Plaintiff requested yet an additional extension of five days to respond to which Defendants objected.  On November 27, 2006, the Court granted Plaintiff's extension over the objections of Defendants.  However, Plaintiff failed to file his opposition despite the Court's ruling.

     Realizing that Plaintiff was appearing *pro se*, the Court did not immediately consider the motions for summary judgment.  The Court allowed three days for mailing of its November 27, 2006 order.  Furthermore, even though Local Rule 7-2(d) allows the court to consider failure to file points and authorities in opposition to a motion consent to the granting of the motion, when ruling on a motion for summary judgment, the Court was required to consider the merits of the case by considering all evidence available to it, including Plaintiff's verified complaint, and could not grant summary judgment unless Defendants showed that there was no genuine issue as to any material fact that entitled them to judgment as a matter of law.  See Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995);  Martinez v. Stanford, 323 F.3d 1178, 1182-83 (9th Cir. 2003)(citing Henry v. Gill Inds., Inc., 989 F.2d 943, 949-50 (9th Cir. 1993)).

     While the Court considered the evidence before it and awaited even a late response from Plaintiff, on December 6, 2006, Defendants filed a Request for Entry of Summary Judgment (#123/#126) (hereinafter "the Request") based upon Plaintiff's failure to file an opposition to their motions for summary judgment.  Finally, on December 18, 2006, having received no response from Plaintiff, the Court ruled upon the pending motions for summary judgment and granted summary

judgment to Defendants.[1]  See Order (Docket #124).  The Clerk of the Court then entered Judgment (#125) by a separate document.

Plaintiff filed his response in opposition (# 127) to the Request on December 26, 2006. Defendants replied (#129) on January 8, 2007.  The next day Plaintiff filed a Sur-reply (#130) which he titled <u>Errata-Documents in Support of Plaintiff's Response to Entry of Summary Judgment/Request for Reconsideration (127) Affidavit of James Westbrook; Petersen Affidavit; Duffy Affidavit both containing numerous issues of material fact supporting Request for Reconsideration</u>.  The sur-reply contained affidavits dated November 15, 2006 from two potential witnesses, and his own affidavit dated January 9, 2007.  Plaintiff also filed an *ex parte In Camera* submission (#131) under seal which contained more points and authorities in support of his opposition to Defendants' Request and a letter from his doctor explaining his medical condition.

II.  Analysis

    A.  <u>Defendant's Request for Entry of Summary Judgment</u>

The request for entry of summary judgment must be denied for two reasons.  First, the Request was docketed as both a reply in support of Defendants' motion for summary judgment and a separate motion for summary judgment.  The Request is clearly not intended as a separate motion, but as support for its pending motion for summary judgment.  Defendants intended the Request as a reminder to the Court that the time for a response had passed.  Dispositive motions were due no later than August 28, 2006.  See Order (Docket #75)(setting August 28, 2006 as the last date to file dispositive motions).  If the Request was intended as a separate motion it was clearly untimely filed and should have been stricken for that reason alone.

Second, the Request was made moot by the Court's Order (#124) granting Defendants' motions for summary judgment.  It was not necessary to allow Plaintiff to respond, because a

---

[1]Though considering Local Rule 7-2(d) and Plaintiff's lack of opposition in its Order, the Court evaluated each claim separately upon the merits and evidence presented.  This fact was ignored in Plaintiff's opposition and motion for reconsideration.

3

response to a moot motion would have been futile. However, the parties continued to brief the motion. Plaintiff filed a response on December 26, 2006 which appears to be more of a motion to reconsider than an opposition to the Request.[2] A day after Defendants filed their reply to his opposition, Plaintiff filed his Errata (#130) ("the Errata") which neither corrects or clarifies his previous filings. Furthermore, it raises evidence and arguments presented for the first time with no opportunity given for Defendants to respond.

Local Rule 7-2 (a)-(c), allows a motion, a response and a reply. No provision is made for the filing of a sur-reply. In order to circumvent the Local Rules, notice to Defendants, and to thwart attempts to respond to the issues and evidence raised in Plaintiff's Errata, Plaintiff waited until briefing was completed, before filing the Errata. Sur-replies, such as the Errata, are not sanctioned by either the local rules or the Federal Rules of Civil Procedure. See, e.g., Garrison v. Northeast Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999)( the FRCP do not authorize sur-replies). Therefore, since Plaintiff improperly filed his sur-reply without leave of the Court, the Court will not consider the Errata.[3] Furthermore, the Court will deny Defendants' request as moot.

Plaintiff additionally filed *ex parte* documents under seal (#131). The Court finds that Plaintiff has not met his burden in submitting the filing under seal. See Local Rule 7-5. Therefore, the Court orders the Clerk of the Court to unseal the documents. Furthermore, to the extent that Plaintiff uses the December 27, 2006 letter of his doctor to justify his late filings, the Court denies

---

[2] In one paragraph, Plaintiff argues that it would have been impossible to comply with the Court's Order (#122) granting the five-day extension of time that Plaintiff sought because it "was granted, filed and expired all on the same day." However, Plaintiff selectively forgets that the effect of the order is extended three days by Federal Rule of Civil Procedure 6(e) which he so aptly cites on page 2, line 11 of his response (#127) in order to demonstrate that his response to the request was not late. However, despite being given what was effectively an eight-day extension, Plaintiff neither filed his response to Defendants' motions for summary judgment nor sought an additional extension of time.

[3] In fact, the Court would normally order the Clerk of the Court to strike the sur-reply, but wishes to preserve the record for purposes of appeal.

4

Plaintiff's request for extensions based on this newly presented evidence. Though the doctor opines that "Mr. Westbrook would not be able to commit to any time sensitive assignments at this time," the opinion does not assert that Plaintiff was incapable of responding to the deadline on November 27, 2006 after having been granted over ninety (90) days of extensions. The opinion also does not explain how Plaintiff is now able to commit to the time-sensitive filings that he is currently making which require effort that would be no different in responding to Defendants' motions for summary judgment.

### B. Motion for Reconsideration

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 59(e) motion must be filed no later than ten (10) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified ten-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001). Otherwise, as in the present action, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See id.

Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments

1  previously presented.  See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer
2  County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v.
3  Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule
4  merely because he or she is unhappy with the judgment.").  "As a general rule, the Court does not
5  consider evidence on a motion for reconsideration if the evidence could have been provided before
6  the decision was rendered initially." Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927,
7  935 (D. Ariz. 2000) (citing School Dist. No. 1J., 5 F.3d at 1263).

8        Plaintiff asserts essentially three reasons that the Court should reconsider its December 18,
9  2006 Order (#124) granting summary judgment.  First, Plaintiff argues that the Court granted
10 summary judgment prematurely by not allowing him to respond to Defendants' December 6, 2006,
11 Request for Entry of Summary Judgment (#123/126).  Second, Plaintiff asserts that his medical
12 condition is excusable neglect for failing to file an opposition to the motion for summary judgment
13 and that his late filed affidavits in addition to his verified complaint create genuine issues of material
14 fact.  Third, Plaintiff asserts that the Court's entry of judgment did not comply with Rules 58 and
15 79(a).

16       Plaintiff's first argument, that the Court prematurely granted summary judgment by ruling on
17 the pending motions before allowing a response to Defendants' Request for Entry of Summary
18 Judgment, fails because the Court considered the merits of Plaintiff's complaints and did not issue
19 summary judgment based solely on his failure to file an opposition to Defendants' motions.
20 Furthermore, as previously noted, the Request became moot when the Court entered judgment on the
21 underlying motions.  Additionally, Plaintiff was aware of a looming deadline and even when the
22 Court granted Plaintiff substantial extensions of time, he still failed to oppose the motions for
23 summary judgment at all.  Plaintiff has demonstrated his lack of veracity and his willingness to play
24 fast and loose with the rules of the Court.  He cites rules when they benefit him and conveniently
25 ignores them when they do not.  He claims to have received his doctor's letter on December 27,
26

2006, but fails to file it until, January 9, 2006, one day after Defendants' reply to his opposition denying them a chance to consider and oppose his arguments.

Plaintiff's opportunity to oppose the motions for summary judgment was not extended by Defendants' Request for Entry of Summary Judgment. The Court has amply demonstrated that Plaintiff was aware of the deadline or should have been aware of the deadline to file an opposition. Instead, he chose to rest upon the evidence that he had and waited until his case had been dismissed on the merits to begin a flurry of filing activity.[4] Plaintiff filed nothing but motions for extension of time for ninety days, and then filed seven substantive pleadings between December 26, 2007 and February 21, 2007.

As just demonstrated by the Court, Plaintiff's claim that the Court should set aside judgment under Rule 60(b) for excusable neglect fails. "Excusable neglect is an equitable concept that takes account of factors such as prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See Franchise Holding II, LLC, v. Huntington Rests. Group, Inc., 375 F.3d 922, 927 (9th Cir. 2004)(internal quotations omitted). In this case, Plaintiff's delay in responding to the motion for summary judgment can only be laid at his feet. While Plaintiff attempts to cite his "medical condition" as the reason he failed to respond to the motion for summary judgment, his doctor's letter merely stated that as of December 27, 2006, almost thirty days after his opposition was due, Plaintiff would have trouble committing to time sensitive activities. The letter does not prove that he was suffering during the approximately ninety days the Court gave him to file a response to the motion for summary judgment. Additionally, the doctor's analysis is belied by the fact that Plaintiff then managed to file seven substantive pleadings in the next sixty days.

Furthermore, Plaintiff's good faith is called into question by failing to file his doctor's letter and Errata until after Defendants had filed their reply to his opposition to the Request. The timing of

---

[4]For example, he had affidavits from two witnesses dated November 15, 2007, and did not file them until January 9, 2007.

7

the action, taking into account Defendant's admission that he had the doctor's letter on December 27, 2006 and the affidavits on November 15, 2006, suggest that he did not have proper motives in delaying this supplement to his opposition. Finally, Defendants would be prejudiced by granting the motion to reconsider, because Plaintiff alleges that he cannot file an appropriate opposition without additional discovery, a request already denied by the magistrate judge. See Errata, Docket #130, Affidavit of James Westbrook, page 21, paragraph 8; Docket #104 (denying Plaintiff's request for an extension to discovery cut off date). Therefore, the Court will deny Plaintiff's motion for reconsideration because he failed to show excusable neglect.

Finally, Plaintiff has asserted that judgment was not entered by separate document chronologically after the Court's order granting summary judgment in violation of Rule 58 and 79 (a). Judgment (#125) was clearly entered after the Court's order granting summary judgment (#124). Therefore, this claim is completely meritless. Having cited no grounds for relief, the Court completely denies Plaintiff's motion for reconsideration.

### C. Plaintiff's Motion to Retax Costs

On February 12, 2006, Plaintiff filed a Renewed and Improved Opposition to Bill of Costs (#136). Construing Plaintiff's pleadings liberally, the Court considers the opposition a motion to retax under Local Rule 54-14 and FRCP 54 (d)(1). Having read and considered the motion, and good cause being found, it is denied. Plaintiff merely reiterates the exact arguments made to the Clerk of the Court, including the objections he had already prevailed on. Most of his motion is spent detailing why he should not be liable for attorney's fees. The Clerk of the Court has not taxed attorney's fees nor have Defendants sought an award of attorney's fees. The remaining objections are irrelevant and denied.

### D. Motion to Extend Time to File Notice of Appeal

Plaintiff has moved to extend time to file notice of appeal arguing that his motion for reconsideration has tolled the thirty-day limit set by Federal Rule of Appellate Procedure 4. Plaintiff clearly failed to file his motion within the ten days after judgment has entered. Therefore, Plaintiff

must show excusable neglect or good cause. See Fed. R. App. Pr. 4(a)(5)(A)(ii). Plaintiff has failed to show excusable neglect or good cause. See Pioneer Inv. Servs. Co. v. Brunswick Ass. Ltd. P'ship, 507 U.S. 380, 392 (1993)(inadvertence, ignorance of the rules, or mistakes construing rules do not usually constitute excusable neglect). Therefore, his motion to extend time to file notice of appeal is denied.

III.  Conclusion

Accordingly, Defendants' Request for Entry of Summary Judgment (#123/126) is **DENIED as moot**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (#133) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Renewed and Improved Opposition to Bill of Costs (#136) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time to File Notice of Appeal is **DENIED**.

DATED this 27TH day of April 2007.

_____
Kent J. Dawson
United States District Judge